Early *v.* Beecher.

O. R. EARLY *v.* ELLEN BEECHER *et al.*

REMOVAL OF CAUSES TO U. S. COURTS. *Receiver. Bond. Security.* A bill was filed in the chancery court to remove cloud from title. Respondents removed cause into U. S. circuit court and had a receiver appointed, who gave bond. Cause was remanded to State court for want of jurisdiction. *Held,* the bond could not be the basis of a decree in the chancery court. The bond was taken by a court having no power, control or rightful authority over the cause, and the sureties cannot be held liable.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

ESTES & ELLETT, T. B. MICOU and W. M. RANDOLPH for complainant.

J. E. BIGELOW and PIERCE & DIX for defendants.

FREEMAN, J., delivered the opinion of the court.

The bill in this case is to remove a cloud from the title of complainant. The only question now made by respondent's counsel is, that complainant has not deraigned his title regularly from its source. Other questions were made, but are yielded in the brief.

The answer to the question urged is, that respondent's claim is to Early's title, and that alone; he claims under him, their title is from a common source, and in such a case, there is a well-established exception to the general rule in actions of ejectment, and

ejectment bills, that there must be a deraignment of title. The respondent claimed title direct from the tax commissioner, who had sold it for taxes as the property of Early. It is clear no deraignment of title was necessary in such a case: *Wortham* v. *Cherry*, 3 Head, 468.

The presentation of the deed, supposed to show a defective title in complainant in a petition for rehearing, could have no effect on the question of title, as not presented on the original hearing. We need not notice it now. The discretion of the chancellor was properly exercised in refusing the rehearing.

The other question presented in this case grows out of the following state of facts: Sometime before September, 1866, on application of the respondent-, this cause was removed to the circuit court of the United States. While the case was in said court, a receiver was appointed to collect and receive the rents, or rather Beecher was allowed to retain possession on giving bond to pay and account for reasonable rents of the real estate. A surety or sureties on the bond then given in the United States court, appeals or brings this case here from a decree of the chancellor, holding them liable on said bond, and that Beecher was a *quasi* receiver, and as such he and his sureties liable to decree for the rents on the said bond.

It is proper to say, the case was dismissed from the United States court, on the ground of want of jurisdiction, and the same was improperly in that court.

We think it clear that this bond could be a basis of no action in the form of a decree in this case in

17—VOL. 7.

the chancery court. It was taken in the court of another jurisdiction, that court having no power, control or rightful authority over the cause. It had no more validity as a bond taken in the course of judicial pro- ceedings, so far as the action of the chancery court was concerned, than if it had been ordered and taken before a private individual.

It is said, however, that the case was properly transferred originally to the Federal court, but that jurisdiction was subsequently taken away, by an act passed the 13th of July, 1866, sec. 68. This may all be correct, but the bond was executed, as we see from its date, the 27th of September, 1866, months after the right to exercise the jurisdiction ceased to exist, and so the fact stated can be of no avail.

That the party receiving the rents and holding them, might himself be compelled by the court to account for them in this case, we think is clear. But the sureties on this bond, we hold, could not be de- creed against, as done in this case. What may be their liabilities in a suit on the bond, as a common law obligation, we do not determine, but leave the parties to take such action in that reference as they may be advised.

A decree will be drawn in accord with this opin- ion. Complainant will pay one-half the costs of this court, the other be paid by Beecher.